UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
    Plaintiff,

vs.                                                                        03-1362

JOHN BIRKEL, et al.
    Defendants.

## ORDER

This cause is before the court for consideration of the pending motions including: the plaintiff's motion for a preliminary injunction [d/e 60]; the plaintiff's motion for leave to appeal in forma pauperis [d/e 103]; the plaintiff's motion for a court order [d/e 112]; and Defendant Walker, Jordan-Luster, Birkel and Hile's motion to compel. [d/e 116].

## MOTION FOR PRELIMINARY INJUNCTION

The plaintiff has filed a motion for preliminary injunction stating that the defendants have failed to provide him with an orthopedic specialist for his arm or a cardiac specialist for his chest pain. To support the issuance of a preliminary injunction, a plaintiff must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) the granting of a preliminary injunction will not disserve the public interest. Somerset House, Inc. v. Turnock, 900 F.2d 1012, 1014-15 (7th Cir. 1990). The plaintiff must satisfy each of these elements to prevail. Id. at 1015

The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. American Hospital Ass'n v. Harris, 625 F.2d 1328, 1330 (7th Cir. 1980) "A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need." Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

The plaintiff has failed to meet his burden. The plaintiff does not claim that he is denied medical care. He claims he is not receiving medical care from specialists. The plaintiff does not have a right to be examined by specific doctors. Forbes v. Edgar, 112 F.3d 262, 266(7th Cir. 1997) In addition, the plaintiff has not clearly demonstrated that he needs any additional medical treatment. The motion is denied. [d/e 60]

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

The plaintiff has filed a motion for leave to proceed in forma pauperis on appeal. The plaintiff is apparently appealing the court's October 12, 2005 order in which the court simply stated that pursuant to the mandate of the United States Appellate Court for the Seventh Circuit, the plaintiff must pay the $255 appellate filing fee. See October 12, 2005 Order. This is not a proper appeal. In addition, the plaintiff is barred from proceeding in forma pauperis pursuant to §1915(g). The motion is denied.

## MOTION FOR A COURT ORDER

The plaintiff has filed a motion asking the court to issue a subpoena for his medical records. [d/e 112]. A subpoena should not be necessary for the plaintiff to obtain his own medical records. The motion is denied. Nonetheless, the defendants must inform the court whether the plaintiff has asked for permission to view his medical records or for copies of his medical records. In addition, the defendants must state whether the plaintiff has been provided access to his own medical records or copies of his records. And if he was allowed either, the defendants should state when this occurred. This information should be provided to the court within fourteen days of this order.

## MOTION TO COMPEL

Defendants Walker, Jordan-Luster, Birkel and Hile have filed a motion to compel discovery from the plaintiff. The defendants state that they served the plaintiff with interrogatories on September 27, 2005. The plaintiff objected that the interrogatories did not include a time frame. The defendants agreed that this was a proper objection and limited the time frame from November of 2001 to the present. The plaintiff has still failed to respond.

The surviving claims against these defendants include:

1) Medical Technician Birkel refused to place the plaintiff on sick call when he informed the plaintiff that he was in pain and needed treatment. Plaintiff alleges this occurred on more than one occasion.
2) Assistant Warden Jordan-Luster ignored requests from the plaintiff to be placed on sick call.
3) Defendants Walker and Hile were informed the plaintiff was not receiving medical care and took no action.

The defendants will not be able to respond to these claims without knowing what dates the plaintiff claims he asked for medical care and was ignored by the defendants. Therefore, the defendants motion is granted in part. The court will order the plaintiff to provide this information. However, since the plaintiff is proceeding pro se, the court will provide simplified questions for the plaintiff to answer. The plaintiff must provide answers to the court's proposed questions on or before February 22, 2006 or his case will be dismissed.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for preliminary injunction is denied. [d/e 60]**

**2) The plaintiff's motion for leave to proceed in forma pauperis on appeal is denied. [d/e 103]  The clerk is directed to submit a copy of this order to the United States Court of Appeals for the Seventh Circuit.**

**3) The plaintiff's motion for a court order is denied. [d/e 112]**

**4) Defendants Walker, Jordan-Luster, Birkel and Hile's from the Illinois Department of Corrections shall inform the court whether the plaintiff has**

requested permission to view or copy his medical records.  If so, the defendants must state whether this request was granted and when it was granted.  This information must be provided to the court within fourteen [14] days of this order.

5) Defendants Walker, Jordan-Luster, Birkel and Hile's motion to compel is granted in part and denied in part. [d/e 116] The plaintiff must provide specific responses to the questions stated below:

A) State the days and times you requested that Defendant Birkel put you on sick call between November of 2001 to November of 2003.  State what you told Defendant Birkel about your medical condition on each occasion and how you told Defendant Birkel about your condition. For example, did you tell him in person or in writing?  If you notified Birkel in writing and have a copy of this document, please provide a copy. Also state what response you received, if any, from Defendant Birkel on each occasion.

B) State the days and times you told Defendant Jordan-Luster that you needed to be placed on sick call between November of 2001 and November of 2003. State what you told Defendant Jordan- Luster about your medical condition on each occasion and how you told Defendant Jordan-Luster about your condition. For example, did you tell her in person or in writing? If you notified Jordan-Luster in writing and have a copy of this document, please provide a copy.  Also state what response you received, if any, from Defendant Jordan-Luster.

C) State the days and times you told Defendants Walker and Hile between November of 2001 and November of 2003 that you were not   receiving medical care.  State what you told these defendants on each occasion and how you told the defendants about the lack of medical care. For example, did you tell the defendants in person or in writing?  If you notified the defendants in writing and have a copy of this document, please provide a copy.  Also state what response you received, if any, from the defendants on each occasion.

**Plaintiff's responses to each of these questions must be provided to the court on or before February 22, 2006.   If the plaintiff fails to provide these responses, his case may be dismissed.**

6) The defendants must file a well-documented motion for summary judgement on or before March 13, 2006.

Enter this 9th  day of February, 2006.

                                                     **s\Harold A. Baker**
              _____
                                        HAROLD A. BAKER
                               UNITED STATES DISTRICT JUDGE