UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
    Plaintiff,

vs.                                                03-1362

JOHN BIRKEL, et al.
    Defendants.

## ORDER

This cause is before the court for consideration of the pending motions for summary judgement including: the plaintiff's motion for partial summary judgement [d/e 106], Defendant Ellinger and Funk's motion for summary judgement [d/e 114] and the plaintiff's motion for cross summary judgment. [d/e 118].

The plaintiff's two motions for summary judgement are not proper motions. In both, the plaintiff addresses claims and issues that are not before the court in this case. In his motion for partial summary judgement, the plaintiff makes reference to a due process claim that is not before this court. The motion also contains no medical evidence to back his claims that the defendants were deliberately indifferent to a serious medical condition. In his cross motion for summary judgement, the plaintiff again makes reference to several conspiracy claims that are not before this court. He also makes reference to individuals who are not defendants in this case. The court will deny the plaintiff's motion for partial summary judgement. [d/e 106]. In addition, the plaintiff's motion for cross summary judgement is not a proper motion for summary judgement and will be denied. [d/e 118]. However, the court will consider the document in response to the defendants' motion for summary judgement.

## BACKGROUND

The plaintiff has filed this lawsuit pursuant to 42 U.S.C. §1983. The plaintiff has alleged that the following defendants were deliberately indifferent to the plaintiff's serious medical needs
in violation of the Eighth Amendment:

    a) Medical Technician John Birkel refused to place the plaintiff on the sick call list when he informed the defendant that he was in pain on different occasions.

    b) Defendant Nurse Judy Ellinger and Assistant Warden Adella Jordan Luster ignored request from the plaintiff to be placed on sick call.

    c) Defendants Roger Walker and Sherry Hile were informed that the plaintiff was not receiving medical care and took no action.

    d) Defendant Dr. Arthur Funk refused a prescribed arm brace in 2001, refused to provide additional surgery for the plaintiff's arm, denied the plaintiff treatment for cuts he

suffered during a May 20, 2002 altercation and denied treatment to the plaintiff for his hip and back after he fell on the ice.

All claims are against the defendants in their individual capacities. Defendants Ellinger and Funk have filed a motion for summary judgement. [d/e114]

## FACTS

The plaintiff was an inmate at the Pontiac Correctional Center at all times relevant to this lawsuit. In 1999, the plaintiff suffered a broken right arm. Much of the plaintiff's complaint centers on his claim that his arm did not heal properly and he has been denied follow-up treatment.

However, the Medical Director at Pontiac Correctional Center, Defendant Dr. Arthur Funk, states that the plaintiff's arm has completely healed. Dr. Funk states that X-ray reports from April 15, 2000, show that the arm has completely healed. The defendant has attached radiological reports from April 15, 2000; October 11, 2000; June 22, 2001; July 17, 2002 and February 27, 2004 which confirm the doctor's claim. (Def. Memo, Ex. A, B, C, D, E)

Dr. Funk says on March 30, 2003, the plaintiff complained of continued pain in his right arm. He was examined and was able to move his arm with no problem or signs of stress. In addition, he had a strong grip in both hands. (Def. Memo., Funk Aff, p. 2, Ex. F) The continued examinations of the plaintiff have revealed no need for any additional surgery nor for an arm brace. The medical staff has repeatedly responded to the plaintiff's claims of pain with pain relievers such as Tylenol and Motrin. (Def. Memo, Funk Aff., Ex. F, G)

The plaintiff further claims that his arm was re-injured during an altercation on May 20, 2002. Dr. Funk says he was not directly involved in the care provided to the plaintiff after this incident, but he has reviewed the plaintiff's medical records. Dr. Funks says he agrees with the care and treatment provided and states that none of the conditions complained of by the plaintiff constituted a serious medical need in his opinion. The defendant has submitted medical records which show the plaintiff was seen by medical staff on 14 occasions between May 28, 2002 and July 12, 2002

Defendant Judy Ellinger is the Director of Nursing at Pontiac Correctional Center. The plaintiff claims that Ellinger ignored his request for medical care on March 26, 2003. The defendant says she has received numerous requests from the plaintiff concerning medical care including a letter received on March 26, 2003 asking for sick call due to pain in his arm. The defendant says in response to the letter, she reviewed his medical chart to see if he was getting care. She then responded in writing to the plaintiff. (Def. Memo., Ellinger Aff., p. 1-2)

Defendant Ellinger has provided a copy of the letter sent by the plaintiff and her response. The defendant's response states that the plaintiff has not been denied care for his arm and was in fact seen on February 10, 13, 19 and 28 of 2003 and again on March 5, 8 and 11 of 2003. At no time did plaintiff tell medical staff about pain in his arm on these visits. The plaintiff was also reminded that he must complete a Medical Request Form and send it to the

Health Care Unit if we wished for any additional care. (Def. Memo., Ellinger Aff., Ex.A, B)

Defendant Ellinger adds that her job duties do not include providing direct care to inmates.

## LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©). A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record. Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970);  Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994). "Summary judgement is not a discretionary remedy.  If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

## ANALYSIS

The defendants argue that the plaintiff has failed to show they violated his Eighth Amendment rights.  The plaintiff must satisfy a two-prong test in order to establish that the defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).  The plaintiff must first demonstrate that the medical need alleged is objectively serious. Zentmyer v. Kendall Co., 2000 WL 760690, at 4 (7th Cir. 2000). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Guitierrez, 111 F.3d at 1373; quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977).

Second, the plaintiff must demonstrate that the defendant was deliberately indifferent to the plaintiff's health and safety. Zentmyer 2000 WL 760690 at 4.  "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." Mathis v. Fairman, 120 F.3d 88, 91 (7th Cir. 1997)(citing Farmer at 840-42).

Inadequate medical treatment due to negligence or differences in opinion between an inmate and medical staff do not rise to the level of an Eighth Amendment violation.  Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir. 1991); Snipes v. Detella, 95 F.3d 586, 591 (1996).  In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. Forbes v. Edgar, 112 F.3d, 262, 267 (7th Cir. 1997).

It is somewhat doubtful the plaintiff could establish that he suffered from a serious

medical condition. However, he has clearly failed to present any evidence that either defendant was deliberately indifferent to his medical care.  Defendant Ellinger is not responsible for providing medical care, but did respond to the plaintiff's inquiry about care for his arm.  She discovered his medical charts showed he had received repeated care.  In addition, Defendant Funk and the medical staff repeatedly examined and treated the plaintiff.  The fact that the plaintiff disagrees with his treatment does not state a violation of his constitutional rights.  There is simply no evidence before the court that the plaintiff was denied medical care.  The defendants' motion for summary judgement is granted.

**IT IS THEREFORE ORDERED that:**

**1) Plaintiff's motion for partial summary judgement and cross summary judgement are denied. [d/e 106, 118]**

**2) Defendants Ellinger and Funk's motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 21, 26]  The Clerk of the Court is directed to enter judgment in favor of Defendants Ellinger and Funk in accordance with this order.  The parties are to bear their own costs**

Enter this 10th day of February, 2006.

                                   **s\Harold A. Baker**
                         _____
                                  HAROLD A. BAKER
                            UNITED STATES DISTRICT JUDGE