UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
    Plaintiff,

vs.                                                                                    03-1362

JOHN BIRKEL, et al.
    Defendants.

## ORDER

This cause is before the court for consideration of several pending motions including: plaintiff's motion for appointment of counsel [d/e 135]; plaintiff's "Motion for Reconsideration Motion for Substitution of Judge" [d/e 136]; plaintiff's "Motion for Reconsideration Order" [d/e 137]; plaintiff's motion for a transcript [d/e 143] and defendants' motion for sanctions.[d/e146]

## PLAINTIFF'S MOTIONS

The plaintiff's renewed motion for appointment of counsel is denied. [d/e135] *See* July 28, 2005 Court Order, p.1-2. The plaintiff's "Motion for Reconsideration Motion for Substitution of Judge" and "Motion for Reconsideration Order" are denied. [d/e 136, 137]. The plaintiff has not filed a previous motion for substitution of judge, nor has he made a proper motion for substitution now. In addition, the plaintiff does not clearly state what action he is requesting from the court. He simply restates his case and makes claims concerning issues that are not the subject of this lawsuit

The plaintiff's motion for a transcript is denied. [d/e 143] There is no transcript that corresponds to the order granting partial summary judgement and there is no appeal pending in this case.

## DEFENDANTS' MOTION

The defendants have filed a motion for sanctions asking the court to dismiss the plaintiff's lawsuit due to his continued refusal to participate in the discovery process. The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that various defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. On February 10, 2006, the court granted a summary judgement motion filed on behalf of Defendants Judy Ellinger and Dr. Funk. There was no evidence before the court that the defendants had been deliberately indifferent to the plaintiff's medical care. The plaintiff was **repeatedly** seen and examined by medical personnel. In addition, there was medical evidence that the plaintiff did **not** in fact have the injuries he claimed.

The plaintiff's surviving claims include allegations that:

a) Medical Technician John Birkel refused to place the plaintiff on the sick call list when he informed the defendant that he was in pain on different occasions.

b) Assistant Warden Adella Jordan Luster ignored request from the plaintiff to be placed

on sick call.

c) Defendants Roger Walker and Sherry Hile were informed that the plaintiff was not receiving medical care and took no action.

The remaining defendants have been unable to file a dispositive motion because the plaintiff has not participated in the discovery process. The defendants sent interrogatories to the plaintiff, but the plaintiff refused to respond stating that the questions did not include time frames. The defendants agreed this was a proper objection, and limited the time frame. The plaintiff still failed to respond. Defendants Birkel, Jordan-Luster, Walker and Hile were forced to file a motion to compel. [d/e 116]

On February 9, 2006, the court granted the motion in part and denied the motion in part. *See* February 9, 2006 Court Order. Since the plaintiff was proceeding pro se, the court stated that the plaintiff must provide answers, but the court simplified the questions for the plaintiff. The plaintiff was instructed that he must provide answers to the questions as proposed by the court on or before February 22, 2006, or his case would be dismissed. Id. The plaintiff was also instructed to provide a copy of those answers to the court.

The plaintiff has filed a variety of motions and appeals, but has failed to follow the court's instructions and has failed to respond to discovery. Approximately four months have passed since the court's deadline. The defendants have now filed a motion for sanctions. The plaintiff has also not filed a response to this motion nor has he provided any excuse for his continued failure to participate in discovery.

Federal Rule of Civil Procedure 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, "the court in which the action is pending may make such orders in regard to the failure as are just," and may include dismissal of the action. District courts have discretion in deciding when to dismiss an action for failure to comply with discovery orders. *Dotson v. Bravo,* 321 F.3d 663, 666-67 (7th Cir.2003). Dismissal is appropriate when a plaintiff fails to comply with a discovery order and that failure results from willfulness, bad faith, or fault. *In re Golant,* 239 F.3d 931, 936 (7th Cir.2001); *Long v. Steepro,* 213 F.3d 983, 987 (7th Cir.2000); *Ladien v. Astrachan,* 128 F.3d 1051, 1056 n. 5 (7th Cir.1997).

As the court has previously mentioned, the plaintiff is an experienced litigator. He is well aware of how to conduct discovery. (*See Young v. Birkel*, 03-1362; *Young v. Blagojevich*, 03-1273; *Young v. Burger*, 02-1408; *Young v. Schomig*, 01- 1407 *Young v. Gilmore*, 99-1232; *Young v. Dhupelia*, 99-1217; *Young v. Gilmore*, 99-1199; *Young v. Dhupelia*, 99-1157; *Young v. Edgar*, 98-1407, *Young v. Gilmore*, 98-1393 all in the Central District of Illinois; and *Young v. Stenven*, 98-5690; *Young v. Gilmore*, 99-274; *Young v. Skidmore*, 98-228 in the Northern District of Illinois).

The defendants and the court have attempted to simplify the discovery requests in this case, but the plaintiff has failed to respond and has not provided any reason for his unwillingness to participate in the discovery process. Therefore, the court will grant the defendants' motion and enter judgement for the defendants on the remaining claims.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for appointment of counsel is denied. [d/e 135]**

**2) The plaintiff's  "Motion for Reconsideration Motion for Substitution of Judge" and "Motion for Reconsideration Order" are denied. [d/e 136, 137].**

**3) The plaintiff's motion for a transcript is denied. [d/e 143]**

**4) The defendants' motion for sanctions is granted. [d/e 146]**

**5) This case is dismissed in its entirety pursuant to Federal Rule of Civil Procedure 37(b)(2).**

Enter this ___21st____ day of June, 2006.

                        **s\Harold A. Baker**
            _____
                         HAROLD A. BAKER
                  UNITED STATES DISTRICT JUDGE